In the Matter of GULFSTREAM MARINA, RESTAURANT & MOTEL, INC., Bankrupt.

CAPTAIN JERRY'S, INC., Plaintiff,

v.

GULFSTREAM MARINA, RESTAURANT & MOTEL, INC., Defendant.

Bankruptcy No. 79–814–BK–WMH–B. Adv. No. 1.

United States Bankruptcy Court, S. D. Florida.

Nov. 26, 1979.

Bosso & Bosso, Riviera Beach, Fla., for plaintiff.

Thomas Boffey, Angus J. Campbell, West Palm Beach, Fla., for bankrupt.

Daniel L. Bakst, West Palm Beach, Fla., for trustee.

## FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

In this proceeding, a creditor seeks the denial of the bankrupt's discharge under §§ 14c(1), (2) and (4). No answer has been filed, but I have assumed that all allegations are denied. The matter was tried before me on November 20, 1979. This order is a memorandum of decision under B.R. 752(a).

A bankrupt corporation, unlike a bankrupt natural person, has virtually no prospect of future property accumulation. For that reason, a determination whether the corporation should be discharged of its debts under § 14 of the Act is, except in the most extraordinary circumstances, a purely academic exercise with no practical or economic purpose other than to provide fees

for lawyers. It is for this reason that the Bankruptcy Reform Act of 1978 provides a discharge only for individuals. 11 U.S.C. § 727(a)(1).

The trial of this adversary complaint, which was once continued, has required four hours of this court's trial time together with an equal amount of time for the preparation of the court for trial and of the court's orders after trial. Because the case was continued once, it has occupied two different trial calendars. Both parties have employed counsel who have spent at least a similar amount of time at substantial expense. I have been unable to obtain a clear explanation why any of this apparently needless expenditure of time and effort is justified. I can only assume that both parties believe that some benefit will accrue to them in the trial of other disputes. There is a pending criminal arson charge against the principal of the bankrupt. The bankrupt's principal also asserts a fire insurance loss claim for the loss of property occupied by the bankrupt and the plaintiff asserts a claim to the same insurance proceeds as well as to certain personal property allegedly owned by the bankrupt but removed by the bankrupt's principal.

Nothing said or determined in this order is intended in any way to resolve or contribute to the resolution of any of these other disputes. The only party defendant before me is a corporation and this litigation cannot constitute res judicata nor estoppel by judgment, as I understand it, against the principal of the defendant nor his family. Because the burdens of proof are significantly different, as well as for other reasons, this decision cannot be of any materiality in a criminal prosecution.

Notwithstanding the foregoing circumstances, it appears to be my duty to make a decision in this case and I now proceed to that task.

Plaintiff has alleged under § 14c(2) of the Act (11 U.S.C. § 32) that the bankrupt destroyed or concealed certain of its books of account or records from which its financial condition and business transactions might be ascertained. I find this allegation to have been proved. On the afternoon of the day when the first meeting of creditors in this case was held, August 7, 1979, the trustee, who had been appointed that morning, met the bankrupt's principal officer and shareholder, Thomas Boffey, at the bankrupt's office. The trustee was told that the bankrupt's business ledgers, cancelled checks, journals, corporate books and other corporate records had been stolen at some time between the time that Boffey had closed the office the evening before and the time of the appointment. The records had been kept in two locked boxes in a closet in the business office. The only keys to the premises were held by Boffey, his wife and his mother, who between them hold all of the stock of the corporation. Two adding machines and $250 in cash, which were also in the premises, were the only other items stolen along with the records. The only records which have not disappeared are the accounts receivable and certain storage contracts. This alleged theft was reported at once to the police. No culprit has been located.

I find this explanation for the disappearance of these records incredible. I cannot believe that any third party would break into this office, search out and remove the business records, which had been concealed in a closet in separate locked boxes. There was no other evidence of theft and the coincidence that these records disappeared hours before the trustee took possession is more than I can accept. The other evidence before me at this hearing confirms my conviction that either Boffey or a member of his family has destroyed or concealed the corporate records in question either personally or through some other individual and that the alleged theft is a complete fabrication. These individuals are the controlling and managing agents of the corporation and their actions in this instance are those of the corporation.

The foregoing finding constitutes a sufficient predicate for the denial of discharge to the corporation. *Collier on Bankruptcy* (14th ed.) ¶ 14.30–.33. It should be noted that in this instance, the burden of proof is

on the bankrupt to show justification for its failure to have preserved its books of account and records. *Ibid.* ¶ 14.33 n. 4.

In light of the circumstances pointed out earlier in this order, it is not necessary that any findings or conclusions be expressed as to any of the other charges made in this case and, indeed, such a decision could only serve to confuse the resolution of other controversies arising from the affairs of this corporation.

As is required by B.R. 921(a), a separate judgment will be entered denying discharge to the bankrupt under § 14c(2) and providing that each party shall bear its own costs.