In re KUEMPEL COMPANY, Debtor.

**DELCO DEVELOPMENT COMPANY OF HARRISON ROAD, LTD., Plaintiff,**

v.

**KUEMPEL COMPANY, Defendant.**

**Bankruptcy No. 1–80–00406.**
**Adv. No. 1–81–0040.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

July 10, 1981.

Peter J. Strauss, Cincinnati, Ohio, for debtor/defendant.

John Wm. McNally, Jr., Cincinnati, Ohio, for creditor/plaintiff.

Don R. Gardner, Cincinnati, Ohio, for Creditors' Committee.

BURTON PERLMAN, Bankruptcy Judge.

The Chapter 11 plan of reorganization of defendant-debtor in this case was confirmed by Order of this Court on January 22, 1981. Plaintiff, a creditor of defendant, which had previously filed an Objection To Confirmation of the plan, orally withdrew the objection at the hearing on confirmation held on January 9, 1981. Plaintiff's withdrawal of the objection was on the condition that it be without prejudice to its right to raise the question of the dischargeability of its debt. The above-captioned adversary proceeding was then commenced by the filing of a Complaint To Determine Dischargeability Of Debt.

The Complaint alleges that Defendant submitted to Plaintiff an affidavit pursuant to an agreement between Plaintiff and Defendant under which Defendant was to perform plumbing work at a site owned by Plaintiff; that in reliance upon this affidavit Plaintiff disbursed $94,500.00 to Defendant; that the affidavit was fraudulent; and that the amount so disbursed is a nondischargeable debt under 11 U.S.C. § 523(a)(2). Defendant responded to the Complaint by filing a Motion To Dismiss the Complaint pursuant to Bankruptcy Rule 712(b) for failure to state a claim upon which relief can be granted. The parties have filed memoranda setting forth their respective positions on the motion.

The question for decision presented by the Motion to Dismiss is whether a corporate debtor undergoing a Chapter 11 reorganization may be discharged from a debt specified as nondischargeable under section 523(a) of the Code. We hold that a corporate debtor is discharged from such debts.

For the purpose of deciding this issue, the operative provisions of the Code are sections 1141(d)(2) and 523(a). Section 1141(d)(2) provides that:

> "The confirmation of a plan does not discharge an *individual debtor* from any debt excepted from discharge under section 523 of this title." (Emphasis added)

Section 523(a) provides in part that:

> "A discharge under section 727, 1141, or 1328(b) of this title does not discharge an *individual debtor* from any debt—"

> \*     \*     \*     \*     \*     \*

(Emphasis added)

We think that the inclusion in these provisions of the adjective "individual" to modify "debtor" clearly evidences the intent of Congress to exclude corporate debtors from the operation of section 523. Therefore, we do not agree with the argument advanced by Plaintiff that by failing specifically to exclude corporate debtors from the language of sections 523(a) and 1141(d)(2), Congress intended that these provisions apply to corporate debtors.

Section 101(12) of the Code provides that " 'debtor' means person or municipality concerning which a case under this title has been commenced." According to section 101(30), " 'person' includes individual, partnership, and corporation, but does not include governmental unit." Because an individual is but one type of "person" under the Code, inclusion in sections 523(a) and 1141(d)(2) of the term "individual" to modify "debtor" could have no purpose other than to restrict the category of debtors to which the provisions in question apply. Therefore, to construe these sections of the Code as including persons, and thus debtors (apart from municipalities), that are not individuals would render meaningless employment by Congress of the term "individual." Statutes should not be construed in a manner that would render any of their terms superfluous. *U. S. v. Johnson*, 462 F.2d 423 (3d Cir. 1972), *cert. denied*, 410 U.S. 937, 93 S.Ct. 1396, 35 L.Ed.2d 602 (1973).

The legislative history of section 1141(d)(2) lends further support to the conclusion that the types of debts enumerated in section 523(a) can be held nondischargeable only as to an individual Chapter 11 debtor. Analysis of the legislative history of section 1141(d)(2) should start with observance of the stark contrast between the House and Senate's respective versions of section 1141(d)(2). The provision contained in the House bill is identical to that of the Code. As noted above, section 1141(d)(2) of the Code reads:

> "The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title."

Section 1141(d)(2) of the Senate bill as reported by the Senate Judiciary Committee, however, provided that:

> "The confirmation of a plan does not discharge—
>
> > (A) an *individual debtor* from any debt excepted from discharge under section 523 of this title, or
> >
> > (B) *any other debtor* from any debt excepted from discharge under subpar-

agraph (A) or (D) of section 523(a)(1) of this title." (Emphasis added)

S. 2266, 95th Cong., 2d Sess., § 1141(d)(2) (as reported by the Senate Judiciary Committee) (1978). As amended by the Senate Finance Committee and adopted by the Senate, section 1141(d)(2) stated that:

"The confirmation of a plan does not discharge—

(A) *a debtor which is a corporation*, or a successor to such a debtor under the plan, from—

(i) any tax incurred as an administrative expense described in section 503(b)(1)(B) or (C) of this title;

(ii) any debt from which an individual debtor would not be discharged under section 523(a)(1)(A) of this title; or

(iii) any debt from which an individual debtor would not be discharged under section 523(a)(1)(B) or (C) of this title, unless equity security holders of the debtor, as of the commencement of the case, do not retain or receive, by reason of their equity ownership, any debt or equity interest in the debtor or successor to the debtor under the plan; or

(B) *a debtor other than a corporation* from any debt excepted from discharge under section 523 of this title." (Emphasis added)

\* \* \* \* \* \*

S. 2266, 95th Cong., 2d Sess. § 1141(d)(2) 1978.

It can be readily observed from the underlined portion of both versions of the Senate bill that a distinction was explicitly drawn by the Senate between those debts dischargeable by a corporate debtor and debts dischargeable by a non-corporate debtor. Because the Senate bill specifically provided that debts for certain tax liabilities were the only section 523 debts that could not be discharged by a corporate debtor and that the individual debtors could not be discharged from any of the debts specified in section 523, it is clear that rejection of the Senate version of section 1141(d)(2) in favor of the House version manifests the intent of Congress that all section 523 debts of a corporate debtor be dischargeable as a result of confirmation of the plan.

Explaining its version of section 1141(d)(2), the Senate Judiciary Committee commented that:

"Paragraph (2) of subsection (d) makes clear what taxes remain nondischargeable in the case of a corporate debtor emerging from a reorganization under chapter 11. Nondischargeable taxes in such a reorganization are the priority taxes (under section 507) and tax payments which come due during and after the proceeding under a deferred or part-payment agreement which the debtor had entered into with the tax authority before the bankruptcy proceedings began."

S.Rep.No. 95–989, 95th Cong., 2d Sess. 129–30 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787, 5915–16.

Plaintiff relies on the above-quoted statement to support the proposition that section 1141(d)(2) of the Code may be interpreted as including corporate debtors. In this reliance it is mistaken, for the statement was made in explanation of a version of 11 U.S.C. § 1141(d)(2) which was supplanted by the totally different final version now appearing in the Bankruptcy Code.

We think the explanation for Congress' rejection of the Senate version, and its subsequent adoption of the House version supports our conclusion. As stated by Senator DeConcini and Congressman Edwards in reference to the Senate and House versions of section 1141(d)(2):

"[S]ection 1141(d)(2) of the House amendment is derived from the House bill as preferable to the Senate amendment. It is necessary for a corporation or partnership undergoing reorganization to be able to present its creditors with a fixed list of liabilities upon which the creditors or third parties can make intelligent decisions. Retaining an exception for discharge with respect to nondischargeable taxes would leave an undesirable uncertainty surrounding reorganizations that is unacceptable."

124 Cong.Rec. S 17, 422 (daily ed., Oct. 6, 1978) (remarks of Sen. DeConcini); 124 Cong.Rec. H 11, 105 (daily ed., Sept. 28, 1978) (remarks of Rep. Edwards).

This statement is directed only to the rationale for including certain tax claims among those debts dischargeable as to a corporate debtor. The reason for the limited scope of the statement is clear: the Senate bill proposed to except only certain tax liabilities from a corporate debtor's dischargeable debts. Because the Senate and House bills treated similarly other dischargeable debts of a corporate debtor, any discussion of debts other than these tax liabilities was unnecessary at this stage in the legislative process. Despite the fact that the statement of Senator DeConcini and Congressman Edwards was limited to these tax liabilities, we agree with counsel for Defendant that the rationale that was articulated for including the specified tax claims among the debts dischargeable as to a corporate debtor is equally applicable to other section 523 debts. A corporate debtor's ability to provide interested parties with a definite list of liabilities is essential to an informed judgment regarding the debtor's financial standing. To make nondischargeable to a corporate debtor debts based upon the type of conduct described in section 523(a)(2) would as effectively thwart the objective sought by Congress—certainty of a corporate debtor's Chapter 11 liabilities prior to submission of the plan to creditors—as would retention of an exception for tax liabilities.

■ In Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss, Plaintiff advances two arguments in addition to its proposed interpretation of section 1141(d)(2). First, Plaintiff contends that under section 1141(d)(3), Defendant's debt should not be discharged. Section 1141(d)(3) provides:

"The confirmation of a plan does not discharge a debtor if—

(A) the plan provides for the liquidation of all or substantially all of the property of the estate;

(B) the debtor does not engage in business after consummation of the plan; and

(C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title."

Plaintiff argues that Defendant's submission to Plaintiff of the allegedly fraudulent affidavit would be a ground for denial of discharge under section 727(a)(4)(A). Plaintiff's reliance on section 1141(d)(3) is misplaced. Subparagraphs (A), (B) and (C) of section 1141(d)(3) are listed in the conjunctive. Subparagraph (C) renders section 1141(d)(3) wholly inapplicable to a corporate debtor because under section 727(a)(1) of the Code, a discharge may not be granted to a debtor that is not an individual.

Second, Plaintiff urges that Defendant's Chapter 11 plan of arrangement was not "proposed in good faith" under section 1129(a)(3) and should therefore not be confirmed. Plaintiff argues that lack of good faith should be inferred from the fact that the plan was filed shortly after Defendant submitted to Plaintiff the allegedly fraudulent affidavit. We regard this not as an independent ground for opposition to confirmation, but rather as but another way of contending nondischargeability. Plaintiff's argument in this respect must fall with its contention that it may object to dischargeability of its debt.

Defendant's motion will be granted, and the complaint dismissed.