**In re Luther A. HIGGINS and Joyce E. Higgins, Debtors.**

**Bankruptcy No. 83–04730.**

United States Bankruptcy Court, N.D. Alabama.

Oct. 18, 1984.

Michael Landers, Sylacauga, Ala., for debtors.

Glenn Andrews, trustee.

## CONCLUSIONS BY THE COURT AND ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Background—*

The above-styled case was filed under Chapter 13, Title 11, United States Code, in the prior Court September 2, 1983. It continues to be pending before this Court under said chapter.

The debtors filed with the petition a Chapter 13 plan which proposed to pay each allowed secured claim, together with compensation for the installment payment

of the claim, in not more than 36 monthly cash payments and to pay only a 10% dividend upon unsecured claims. There is no priority claim.

The schedule of creditors filed by the debtors in this case lists Engel Mortgage Company, as being owed a debt of $15,000, which is alleged to be secured by a first mortgage on the debtors' residence, and Liberty Financial Management, as being owed a debt in the amount of $16,950.11, which is alleged to be secured by a second mortgage on the debtors' residence. Notwithstanding that the Chapter 13 plan proposes that the debts be paid "through the Chapter 13 trustee," the schedule of creditors, after the listing of Engel Mortgage Company and after the listing of Liberty Financial Management, contains the following statement: "debt is on real estate and debtors propose to pay outside their plan."

Generally, under Bankruptcy Rule 3002(c), the last day for a creditor to file a proof of claim in this case was January 11, 1984. No proof of claim was filed for Engel Mortgage Company. Liberty Loan Corporation (presumably the creditor listed as Liberty Financial Management) filed a proof of claim in the sum of $16,540.70, secured by a mortgage on the debtors' real estate, and an additional claim in the sum of $1,275, as a claim for an arrearage in payments on the mortgage debt.

On January 26, 1984, the debtors' Chapter 13 plan—modified so as to offer to pay $243.00 each month, for a total of 36 months, to the Chapter 13 trustee—came before the Court for a confirmation hearing, pursuant to 11 U.S.C. § 1324. At the conclusion of a protracted hearing, during which considerable evidence as to values of items of the debtors' property was received, the bankruptcy judge informed the debtors' attorney and the creditors present or represented that the plan could be confirmed if two of the creditors corrected their claims to exclude postpetition interest and if the plan were modified so as to eliminate the ambiguity created by the conflicting statements in the plan and on the schedule of creditors as to the manner in which the debts secured by real property mortgages were to be paid. Inasmuch as the proposed 36 payments of $243.00 per month, to be made by the debtors to the trustee, would amount to $8,748.00, it was apparent that the claims filed for Liberty Loan Corporation—secured by real property and totaling almost $18,000.00—could not be paid from the funds to be furnished by the debtors to the trustee but would have to be paid directly to the creditor by the debtors; and that this was the real intention of the debtors was confirmed upon inquiry by the bankruptcy judge to the debtors' attorney.

A modification of the plan was not filed until May 10, 1984, after the deputy bankruptcy clerk in charge had written to the debtors' attorney about the matter on February 27, 1984, and had called him on the telephone on April 30, 1984. This so-called modification of the plan amounted to an amendment to the schedule of creditors, by conforming the amounts listed as owed to two of the creditors to the sums stated in their amended proofs of claim, which had been filed to eliminate postpetition interest. On May 31, 1984, a brief continued confirmation hearing was held before the Court, at which the debtors' attorney announced to the Court that the plan was ready for confirmation. Subsequently, the bankruptcy judge entered an order clarifying a confusion about two of the amended proofs of claim; and, apparently, no further attention has been given to this matter. The trustee now reports orally that the debtors have deposited with him more than $8,000.00, to complete the payments under their plan, instead of the monthly installments which the plan proposed. The source of these funds is a mystery at this point.

*Conclusions By The Court—*

■ It is obvious that the terms of the Chapter 13 plan are inconsistent with the intentions of the debtors as expressed in the statements on the schedule of creditors where it is indicated that the debts secured by real estate mortgages are to be paid by the debtors "outside their plan." Aside

from the criticism which justly can be leveled at the use of the inappropriate and confusing term "outside their plan," which the courts struggled with in *In the Matter of Foster*,[1] the plan cannot be confirmed because it does not truly express the intention of the debtors and cannot, therefore, be said to be proposed in good faith as would be required for confirmation.[2]

 Ordinarily, the bankruptcy judge would grant additional time for modification of a plan which could not be confirmed, if it appeared that modification might be practicable. In this instance; that opportunity was given at the conclusion of the original confirmation hearing on January 26, 1984. It was not until May 10, 1984, that the debtors' attorney availed himself of this opportunity given by the Court. When the response came, it was misdirected and availed nothing. Whether the fact that the modification of the plan was accompanied by a letter to the Court written by the attorney's secretary indicates some lack of attention to the matter by the attorney himself, the Court cannot say.

The Court does conclude that at some point, it is appropriate and required that delays in these cases be terminated and that the Court call it quits on extending additional time for debtors and their attorneys to put the case in order for confirmation of a plan. Correspondingly, it does not seem appropriate for the Court to act as the debtor's attorney or to act as the attorney's secretary in eliminating errors and mistakes which litter the petition, chapter 13 statement, or chapter 13 plan filed in court by a debtor's attorney. It is, of course, elementary that only the debtor may propose a chapter 13 plan—not the Court, not the creditors, not the trustee.[3]

In view of the foregoing, confirmation of this plan will be denied and no additional time given for filing another plan or a modification of the plan.

This order then may be the basis for a motion by a party in interest for conversion of the case to a case under chapter 7 of Title 11, United States Code, or for dismissal of the case, out of court.[4]

### ORDER

For good cause found, it is ORDERED by the Court that confirmation of the debtors' Chapter 13 plan, as last modified, is refused, and that a copy of this order shall be sent by the clerk through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtors, their attorney, the Chapter 13 trustee, the United States trustee, and the creditors.

---

1. 670 F.2d 478, 8 B.C.D. 1316, 17 B.R. SS (5th Cir.1982), *rev'g, In re Foster,* 7 B.C.D. 521, 9 B.R. 482 (BC SD Tx.1981).

2. 11 U.S.C. § 1325(a)(3).

3. 11 U.S.C. § 1321; S.Rep. No. 95–989, 95th Cong., 2d Sess. 141 (1978); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 428, U.S.Code Cong. & Admin.News 1978, p. 5787 (1977).

4. 11 U.S.C. § 1307(c)(1).