In re **HURST LINCOLN–MERCURY, INC., Debtor.**

**CENTURY MOTOR COACH, Plaintiff,**

v.

**HURST LINCOLN–MERCURY, INC., Defendant.**

**Bankruptcy No. 1–86–03587. Adv. No. 1–87–0002.**

United States Bankruptcy Court, S.D. Ohio, W.D.

May 18, 1987.

See also 72 B.R. 747.

Howard Lubow, Dayton, Ohio, for plaintiff.

Alan J. Statman, Franklin, Ohio, for defendant.

DECISION ON MOTION TO DISMISS

BURTON PERLMAN, Bankruptcy Judge.

The complaint filed by plaintiff states that it is an adversary proceeding to determine dischargeability of a debt. The plaintiff states that it sold two vehicles to the

defendant and was paid with a check which was later dishonored. Plaintiff made written demand on the debtor for the return of the vehicles pursuant to Ohio Revised Code, § 1302.76, but plaintiff alleges that debtor intentionally, willfully and maliciously sold them. Though express reference is not made to the Bankruptcy Code section, it is apparent that plaintiff intends to state a claim pursuant to § 523(a)(6).

Defendant, a Chapter 11 debtor, has filed a motion to dismiss, pursuant to B.R. 7012(b), stating that the complaint does not state a cause of action upon which relief can be granted. Defendant argues that an exception to dischargeability under § 523 is inapplicable to a corporate Chapter 11 debtor. Defendant also argues that an objection to discharge under § 727 is inapplicable in a Chapter 11 case.

Plaintiff responded to the motion by memorandum and stated that § 1141(d)(3)(C) makes § 727 applicable to corporate Chapter 11 debtors. The memorandum contains the statement: "plaintiff moves the court to treat plaintiff's complaint as asking for the court to determine the nondischargeability of the defendant's debt under any section of the Bankruptcy Code in light of the deliberate action of the defendant."

Defendant is correct in its assertion that a complaint for nondischargeability of a debt under § 523(a) does not state a cause of action in a corporate Chapter 11 reorganization case. The applicable Code section is § 1141(d)(2) which states "the confirmation of a plan does not discharge an *individual* debtor from any debt excepted from discharge under § 523 of this title." (Emphasis added.) This court addressed that specific issue in *In re Kuempel Company*, 14 B.R. 324 (Bankr.S.D.Ohio 1981), in which we held that corporate debtors are excluded from the operation of § 523. The motion will therefore be granted, and the complaint dismissed.

In reaching this conclusion, we observe that plaintiff has filed a proof of claim in the case. A suit to recover its claim is superfluous. No adjudication will be necessary unless debtor objects to the claim.

So Ordered.