In re PUSH & PULL
ENTERPRISES, INC., Debtor.

Edward KRUEGER, Plaintiff,

v.

PUSH & PULL ENTERPRISES,
INC., Defendant.

Bankruptcy No. 85–60013.
Adv. No. 87–6077.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division at Gary.

March 17, 1988.

D. Freeland, Komyathe & Freeland, P.C., Highland, Ind., for debtor/defendant Push & Pull Enterprises, Inc.

M. Roscoe, Portage, Ind., for plaintiff Edward Krueger.

## MEMORANDUM DECISION ON MOTION TO DISMISS NONDISCHARGEABILITY ADVERSARY PROCEEDING AGAINST CHAPTER 11 DEBTOR

FRANCIS G. CONRAD, Bankruptcy Judge [*].

The issue to be decided by us is whether a corporate debtor that seeks reorganization under Chapter 11 of Title 11, United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* is subject to the nondischargeability provisions of 11 U.S.C. § 523.[1] Because we hold that a Chapter 11 corporate debtor is not subject to the dischargeability provisions of 11 U.S.C. § 523, the debtor's motion to dismiss Krueger's § 523(a)(6) complaint will be granted.

Debtor, a corporation, filed its Chapter 11 petition in bankruptcy on January 3,

---

[*] Sitting by special designation.

**1.** We have jurisdiction to hear this matter under 28 U.S.C. § 1334(b), and determine it to be a core matter under 28 U.S.C. § 157(b)(2)(I).

This Opinion constitutes findings of fact and conclusions of law under Fed.R.Civ.P. 52 as made applicable by the Rules of Practice and Procedure in Bankruptcy.

1985. It did not list Krueger, the plaintiff herein, as a creditor on any of its bankruptcy schedules. As of the date of the hearing [2] on this motion to dismiss no disclosure statement or plan has been filed.

Sometime during May of 1987, Krueger filed suit against the debtor in State Court for conversion of industrial coils. Krueger claims he first received actual notice of the bankruptcy after he had filed the State Court action.

On June 23, 1987, Krueger filed an 11 U.S.C. § 523 complaint for willful and malicious conversion of the industrial coils with this Court, and objected to the dischargeability of the debt owed to him by Debtor.

As additional background, Krueger states in his memorandum that he filed a proof of claim with this Court in June of 1987, and that once Debtor received notice of it, Debtor should have amended its schedules to reflect his claim.

Although Krueger acknowledges that a corporate debtor is not entitled to a discharge under 11 U.S.C. § 727(a)(1),[3] he points out that a corporation, absent a liquidation plan pursuant to 11 U.S.C. § 1141(d)(3),[4] is entitled to a discharge under § 1141(d)(1)(A).[5] Thus, he argues that as a matter of law and public policy a Chapter 11 corporate debtor is subject to the nondischargeability provisions of 11 U.S.C. § 523.

Krueger bases his conclusion on several grounds. First, 11 U.S.C. § 1141(d)(2)[6] does not on its face exonerate a corporate debtor from the nondischargeability provisions of § 523(a). Second, he argues that a corporation can be an individual if it has the strictures of an individual, and thus can have a debt barred from discharge. Third, the debtor's failure to list him as a creditor is an abuse of process during the bankruptcy which allows the Bankruptcy Court, under 11 U.S.C. § 105,[7] to impose the nondischargeability provisions of § 523. Fourth, Krueger appeals to our equitable powers

2. We did not hold an evidentiary hearing on Push & Pull's motion to dismiss. The background and facts are taken from the memoranda of law filed by the parties, representations of the parties, and the case record. Because neither party objected to the facts recited in the other party's memorandum, and thus, for purposes of this Memorandum Decision on motion to dismiss, we assume the recited facts are true and correct.

3. 11 U.S.C. § 727(a)(1) provides: **Discharge.**
   (a) The court shall grant the debtor a discharge, unless—
   (1) The debtor is not an *individual;* (emphasis added).

4. 11 U.S.C. § 1141(d)(3) provides: **Effect of Confirmation.**
   (d)(3) The confirmation of a plan does not discharge a debtor if—
   (A) the plan provides for the liquidation of all or substantially all of the property of the estate;
   (B) the debtor does not engage in business after consummation of the plan; and
   (C) the debtor would be denied a discharge under section 727(a) of this title if the case were under chapter 7 of this title.

5. 11 U.S.C. § 1141(d)(1)(A) provides: **Effect of Confirmation.**
   (d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation, any debt of a kind specified in section 502(g), 502(h), or 502(j) of this title, whether or not—

6. 11 U.S.C. § 1141(d)(2) provides: **Effect of Confirmation.**
   (d)(2) The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title.

7. 11 U.S.C. § 105 provides: **Power of court.**
   (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
   (b) Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title.
   (c) The ability of any district judge or other officer or employee of a district court to exercise any of the authority or responsibilities conferred upon the court under this title shall be determined by reference to the provisions relating to such judge, officer, or employee set forth in title 28. This subsection shll not be interpreted to exclude bankruptcy judges and other officers or employees appionted pursuant to chapter 6 of title 28 from its operation.

and states the doctrine of "Unclean Hands" requires us to deny equity to those who act in bad faith, and that since Debtor has acted in bad faith, the doctrine of "Unclean Hands" is applicable to this adversary proceeding.

Debtor argues very simply that a corporation cannot be an individual under the Bankruptcy Code and that § 523 does not apply to corporate debtors. It did not address Krueger's arguments on § 105 and the "Unclean Hands" doctrine.

A bankrupt corporation, unlike a natural person, has virtually no prospect of future property accumulation, *Captain Jerry's, Inc. v. Gulfstream Marina, Restaurant & Motel, Inc. (In the Matter of Gulfstream Marina, Restaurant & Motel, Inc.)*, 2 B.R. 26 (Bkrtcy.S.D.Fla.1979), unless it is able to reorganize. It is for these reasons that the Bankruptcy Reform Act of 1978, P.L. 95–598, Title I, § 101, 92 Stat. 2549, provides a discharge only for individual, 11 U.S.C. § 727(a), and allows the discharge of a Chapter 11 non-individual debtor only if it receives Court approval of a non-liquidating post-confirmation operational plan. 11 U.S.C. § 1141.

It is almost undebatable and universally held that a corporate Chapter 11 debtor is not subject to the dischargeability provisions of 11 U.S.C. § 523. *Yamaha Motor Corporation v. Shadco, Inc.*, 762 F.2d 668, 13 BCD 315, CCH Bk.Law.Rpt., paragraph 70557 (8th Cir.1985) (The language of 11 U.S.C. § 523 militates against applying the exemptions to discharge to corporate debtors.); *Tri R. Builders, Inc. v. Wm. Brodew & Collette Brodew (In re Tri R. Builders, Inc.)*, 86 B.R. 138 (Bkrtcy.N.D.Ind.1986) (11 U.S.C. § 523 not applicable to corporations); *Official Creditors' Committee of James B. Downing & Company v. Agri Dairy Products, Inc. (In re James B. Downing & Company)*, 74 B.R. 906 (Bkrtcy.N.D.Ill.1987) (questions of dischargeability have no application whatsoev-

er in bankruptcy cases involving corporations). To the same effect, *Century Motor Coach v. Hurst Lincoln–Mercury, Inc. (In re Hurst Lincoln–Mercury, Inc.)*, 73 B.R. 825 (Bkrtcy.S.D.Ohio 1987); *In re Higgins*, 43 B.R. 391 (Bkrtcy.N.D.Ala.1984); *C.I.T. Financial Services v. Novelty & Toy Co., Inc.*, 22 B.R. 77 (Bkrtcy.M.D.Ala.1982); *International Association of Machinists and Aerospace Workers v. Airlift International, Inc. (In re Airlift International, Inc.)*, 16 B.R. 639 (Bkrtcy.S.D.Fla.1981); *Delco Development Company of Harrison Road, Ltd. v. Kuempel Company (In re Kuempel Company)*, 14 B.R. 324, 7 BCD 1206 (Bkrtcy.S.D.Ohio 1981).[8]

Whenever a concept is universally accepted there always arrives on the scene an imaginative lawyer to test that understanding. Such is the posture of the matter before us.

Krueger, relying on *In the Matter of C & P Gray Farms, Inc.*, 70 B.R. 704 (Bkrtcy.W.D.Mo.1987), points to the specific language in 11 U.S.C. § 1141(d)(1) that provides:

*Except* as otherwise provided in this subsection, in the plan, *or in the order confirming the plan*, the confirmation of a plan—. (Emphasis ours).

and argues that we have the authority to apply the nondischargeability provisions of 11 U.S.C. § 523 against a corporate debtor in reorganization under Chapter 11 of the Bankruptcy Code. As further authority for his proposition, Krueger relies on the legislative history to § 1141(d)(1) which states:

Subsection (d) contains the discharge for a reorganized debtor. Paragraph 1 specifies that the confirmation of a plan discharges the debtor from any debt that arose before the date of the order for relief unless the plan or the order confirming the plan provides otherwise.... [T]he paragraph permits the plan or the order confirming the plan to provide otherwise, *and* excepts certain debts from

---

**8.** For examples of the inapplicability of 11 U.S.C. § 523(a) to partnership debtors, see *Middel v. Jake's On the Pike (In re Jake's on the Pike)*, 78 B.R. 461 (Bkrtcy.E.D.Va.1987); *Savoy Records, Inc. v. Trafalgar Associates (In re Trafalgar Associates)*, 53 B.R. 693 (Bkrtcy.S.D.N.Y. 1985); *Gorsky v. D'Avignon (In re D'Avignon)*, 25 B.R. 838 (Bkrtcy.D.Vt.1982).

discharge as provided in paragraphs (2) and (3).... (emphasis by Krueger in his memorandum). S.Rep. No. 95–989, 95th Cong., 2d Sess. 129–30 (1978); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 418–19 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787.

Krueger states: "... [T]he word 'and' in the legislative history denotes Congress' intention to grant the (bankruptcy) court authority to provide exceptions to discharge in addition to the other nondischargeability provisions in § 1141 ..." Krueger's memorandum, pp. 6–7; parentheticals supplied. He concludes that Congress did not intend § 1141(d)(2) as a limitation on the Bankruptcy Court's authority to confirm a plan of reorganization. He buttresses his argument citing *Gray Farms, supra,* and asserts that *Gray Farms* holds that if a corporate debtor "has the same 'strictures' as an individual debtor," then § 523 applies. (Krueger's memorandum, p. 7).

■ We think Krueger misconstrues the holding of *Gray Farms, supra,* § 1141, and the applicable legislative history. We do, however, agree with his perception that the Bankruptcy Court may condition a corporate debtor's discharge within a confirmation order.

*Gray Farms, supra,* involved a Chapter 11 corporate debtor farmer managed by an officer who was "relatively young and in good health." *Gray Farms,* at 708. Although not specifically recited in Chief Judge Steward's Findings of Fact, we assume with some certainty that *Gray Farms* was a closely held corporate farm debtor. The Decision concerned itself with *Gray Farms'* attempt to have its plan of reorganization confirmed. Within the "Findings of Fact and Conclusions of Law Supporting Order Conditionally Confirming Debtor's Plan of Reorganization," Chief Judge Steward says:

> ... Section 1141(d)(1) of the Bankruptcy Code provides that, "[e]xcept as already provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan ... discharges the debtor from any debt that arose before

the date of confirmation ..." The debtor corporation, in the case at bar, does not come within any of the statutory exceptions to that subsection. This court, therefore, will follow its usual practice of withholding discharge until full consummation of the plan by the debtor ... This court refuses, as a matter of course, to allow such a compromise or extension to be effected without performance ...

... [T]he debtor in this case, albeit a corporate debtor, has the same material characteristics as an individual chapter 11 debtor. But, under the provisions of § 1141(d)(2) of the Bankruptcy Code, only an individual debtor appears to be subjected to the nondischargeability provisions of § 523. "The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under § 523 of this title." (Emphasis added in original). In accordance with the foregoing considerations, this court has uniformly provided against such discharge upon confirmation in a corporate chapter 11 case ... while looking ahead to the entry of such an order of conditional confirmation as being entered in this case.

*Gray Farms, id.,* at 711 (footnotes omitted).

Although we find Chief Judge Steward's conclusion somewhat reticent, and not dissimilar to Congress' drafting of subsections (c) and (d) of § 1141, we interpret Chief Judge Steward in *Gray Farms, id.,* at 711, to say that the Bankruptcy Courts have the power under § 1141(d)(1) to condition the discharge a corporate debtor receives with a confirmed plan under § 1141(d)(1)(A), and that the discharge provided under 11 U.S.C. § 1141(d)(1)(A) may be withheld until the debts compromised or extinguished in the plan are paid. If, however, as Krueger would prefer, *Gray Farms* stands for the proposition that § 1141(d)(1)(A) bars a corporate debtor's discharge for claims under § 523, we strongly disagree.

We understand Chief Judge Steward's expression of concern about the post-confirmation performance of corporate Chapter

11 debtors. Indeed, we have no doubt that we have the power to condition the discharge received under 11 U.S.C. § 1141(a), but quite frankly, we do not understand why conditional discharges should be granted as a matter of course. The provisions of a confirmed plan bind the debtor and its creditors. See 11 U.S.C. § 1141(a). Further, 11 U.S.C. § 1112(b)(10) provides enough grounds to protect non-debtor parties in the event a debtor does not consummate, or breaches, a confirmed plan—a corporate debtor who fails to consummate a confirmed plan will be either converted to a Chapter 7 debtor or be dismissed.[9] If converted, § 727(a) bars a discharge, and, if dismissed, the debtor is available for dismemberment by its creditors in State Court.

The practical realities of Judicial resources and economy must also be considered. The Bankruptcy Courts are far too busy and too overburdened to continually monitor cases that have confirmed plans. Nor, for that matter, should they be hearing dischargeability issues concerning non-individual debtors when the dischargeability exceptions in § 523 refer only to individuals, and § 727(a) bars a discharge to any debtor who is not an individual.

■ As a second argument, Krueger appears to say, and again he is relying on *Gray Farms, supra,* that if a corporation has the same strictures of an individual, § 523 may be applied. We disagree.

We are not sure what "stricture" of an individual means. To us, a stricture is something that restrains, limits, or otherwise restricts an object. We believe Krueger meant to say that if a corporation behaved like an individual, or otherwise had the characteristics of an individual, or is closely held, then it should be treated as an individual, and therefore, subject to the nondischargeability provisions of § 523.

The rule that a corporation is a separate and distinct entity from the identity of its shareholders, or its agents, is elementary

to corporation law. This legal fiction was designed as a privilege by legislatures for the furtherance of convenience and promotion of commerce, 18 Am.Jur.2d, Corporations, § 42–45, pp. 840–43 (1985). Although equity will not blindly accept mere corporate form over the actual substance of the transactions involved, *Chicago, M. & St. P.R. Co. v. Minneapolis C. & C. Assn.,* 247 U.S. 490, 501, 38 S.Ct 553, 557, 62 L.Ed. 1229, 1237 (1918), and will scrutinize such privilege "where it otherwise would present an obstacle to the due protection of public or private rights," *New Colonial Ice Co. v. Helvering,* 292 U.S. 435, 442, 54 S.Ct 788, 791, 78 L.Ed. 1348, 1353 (1934), to serve the ends of natural justice, *Bangor Punta Operations, Inc. v. Bangor & A.R. Co.,* 417 U.S. 703, 713, 94 S.Ct 2578, 2584, 41 L.Ed.2d 418, 427 (1974), or to correct unequitable conduct which demands an individual to be held responsible for the abuse of the privilege to the injury of the corporation or its creditors, *Chittenden Trust Company v. Sebert Lumber Co., Inc. (In re Vermont Toy Works, Inc.),* 82 B.R. 258 (Bkrtcy.D.Vt.1987); see generally, Annotations, *Stockholders' Personal Conduct of Operations or Management of Assets as a Factor Justifying Disregard of Corporate Entity,* 46 ALR.3d 428 (1972) (Supp.1987), it will not lower the corporate shield merely because a sole shareholder is involved. We have no allegations in this proceeding whatsoever that would warrant lowering the corporate shield.

Although the Bankruptcy Code does not specifically define the term "individual," See, i.e., 11 U.S.C. § 101, it does, in two separate subsections, refer to "individuals." The first is in 11 U.S.C. § 101(24) where the term "individual with regular income" is defined for the purpose of filing a Chapter 13 petition. Chapter 13 clearly prohibits a corporation or partnership from filing a petition under that chapter.

The other subsection where "individual" is used for definitional purposes is found in

---

**9.** We note that *Gray Farms, supra,* involves a corporate farming operation. 11 U.S.C. § 1112(c) does not allow farmers to be converted involuntarily. If it failed to consummate its

plan, it could either agree to conversion, and thus be barred from discharge under § 727(a), or be dismissed.

11 U.S.C. § 101(30) where the word "person" is used to include "individual, partnership, and corporation, but does not include a governmental unit."

As a general rule, a statute should be read according to its literal terms, *United States v. Locke*, 471 U.S. 84, 93, 105 S.Ct. 1785, 1791, 85 L.Ed.2d 64, 75 (1985). The maxim of statutory interpretation, *expressio unius est exclusio alterius*, teaches us that the expression or the inclusion of one thing is the exclusion of others. *See, Ford v. United States*, 273 U.S. 593, 47 S.Ct 531, 71 L.Ed. 793 (1927). With this maxim in mind, "[w]e must exclude someone from (this statutory) gathering or we will be left with nothing." E.M. Forster, *Passages from India*, 1924. The plain meaning of 11 U.S.C. § 101(30) is: a person includes individual, partnership, or corporation, but none of the enumerated entities can be the other—they can only be a person. Thus, where 11 U.S.C. § 523(a) states: "A discharge under section ... 1141 ... of this title does not discharge an *individual* debtor for any debt—" (emphasis ours), it means that this section applies only to individuals and not to corporations. To go beyond the plain meaning of the statute would be to usurp a power which our democracy has logged in its elected legislature, Frankfurter, *Some Reflections on the Reading of Statutes*, 47 Colum.L.Rev. 527, 533 (1947), and the intent of Congress to frame an alternative solution to the reorganization of corporations and partnerships. See 11 U.S.C. § 1141. *Cf. Delco Development Company of Harrison Road, Ltd. v. Kuempel Company (In re Kuempel Company)*, 14 B.R. 324, 7 BCD 1206 (Bkrtcy.S.D.Ohio 1981) (The inclusion in § 523 of the adjective "individual" to modify "debtor" clearly evinces the intent of Congress to exclude corporate debtors from the operation of § 523.).

■ Finally, Krueger asks that we exercise our equitable powers under 11 U.S.C. § 105 and apply § 523 to this corporate debtor because it abused the bankruptcy process. For cause, Krueger asserts that the Debtor failed to amend his schedules even after Krueger put the debtor on notice and filed a proof of claim. We refuse to exercise our powers under § 105 to do as Krueger requests.

Although § 105 grants broad power to the Bankruptcy Court, it does not allow us to flout the clear Congressional intent that Chapter 11 corporate debtors be granted a broad discharge if they achieve an operational reorganization.

This adversary proceeding does not involve a creditor who had no notice to file a proof of claim and then is bound by the discharge provisions of § 1141(d)(1)(A). *But see, Broomall Industries, Inc. v. Data Design Logic Systems*, 786 F.2d 401, 14 BCD 433, 14 CBC 2d 1447 (Fed.Cir.1986) and *Reliable Electric Co., Inc. v. Olson Construction Company*, 726 F.2d 620 (10th Cir.1984) which rely on *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct 652, 94 L.Ed. 865 (1950) and *City of New York v. New York, New Haven & Hartford Railroad Co.*, 344 U.S. 293, 73 S.Ct 299, 97 L.Ed. 333 (1953) and hold that 11 U.S.C. § 1141(d)(1)(A) is unconstitutional.

Krueger has filed a proof of claim in this Chapter 11 case. The procedure for filing a proof of claim in a Chapter 11 case is governed by Rules of Practice and Procedure in Bankruptcy Rule 3003 which states in relevant part, at subdivision (c)(1):

> Any creditor ... whose claim or interest is not scheduled ... shall file a proof of claim ... within the time prescribed by subdivision (c)(3) of this rule.

As the advisory committee note says: "this subdivision (c) permits, in paragraph (1) (of the rule), the filing of a proof of claim, but does not make it mandatory."

Once, however, the proof of claim is filed it supercedes any scheduling or lack thereof of that claim or interest under 11 U.S.C. § 521(1) [10] of the Code. Rules of Practice

---

**10.** 11 U.S.C. § 521(1) provides: **Debtors duties.** The debtor shall—

(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs;

and Procedure in Bankruptcy Rule 3003(c)(4). The evidentiary effect of the filing of the proof of claim makes the claim prima facie valid. Rules of Practice and Procedure in Bankruptcy Rule 3001(f). Filing of the proof of claim shifts the burden of objection to the debtor because, unless the claim is challenged, the claim "is deemed allowed unless a party in interest ... objects." 11 U.S.C. § 502(a).

It is incorrect, as Krueger argues, to say that the debtor has abused the bankruptcy process because it has not amended its schedules to reflect Krueger's objection. Krueger's claim presently is valid. Unless the debtor objects to Krueger's claim, it will have to provide for the claim in its yet unfiled plan of reorganization.

■ We do not address the "Unclean Hands" doctrine. We believe Krueger's argument in this area springs from the debtor's failure to file amended schedules. Thus, we find no merit in the application of this doctrine.

Based upon our discussion of §§ 101, 523, and 1141, we hold that the dischargeability provisions of § 523 cannot apply to this corporate debtor.[11] Furthermore, Krueger's filed proof of claim does not require the debtor to amend its bankruptcy schedules. Krueger, for the time being, is listed in the claims register as a claimant, and until such time as a party in interest objects, has a valid claim. Thus, Krueger's complaint fails to state a claim upon which relief can be granted. ACCORDINGLY, an appropriate Order will be entered granting debtor's motion to dismiss Adversary Proceeding No. 87–6077.

---

**11.** We are aware of the holding in *Norwest Bank Nebraska, N.A. v. Tveten (In re Tveten)*, 70 B.R. 529 (Bkrtcy.D.Minn.1987) which holds a Bankruptcy Court has power to decide discharge issues in Chapter 11 cases before a plan is proposed. *Tveten* involved an individual debtor and our holding today should not be read to encompass an individual Chapter 11 case. *But see, Savoy Records, Inc. v. Trafalgar Associates (In re Trafalgar Associates)*, 53 B.R. 693 (Bkrtcy. S.D.N.Y.1985) which holds a dischargeability complaint against a partnership is premature prior to the confirmation of a plan of reorganization. To the same effect, *Farm Fresh Poultry, Inc. v. The Hooton Company (In re Hooton Company)*, 43 B.R. 389, 12 BCD 517 (Bkrtcy.N.D.Ala. 1984); Rules of Practice and Procedure in Bankruptcy Rule 4004, which fixes the time for filing a complaint in a Chapter 11 reorganization case to be no later than the first date set for the hearing on confirmation.