In re SPRING VALLEY FARMS,
INC., Debtor.

SPRING VALLEY FARMS, INC., and
Spring Valley Foods, Inc.,
Plaintiffs–Appellants,

v.

Bessie Keeling CROW, an individual;
Van B. Keeling, etc., and Charles
Wayne Crow, etc., Defendants–Appellees.

No. 88–7121.

United States Court of Appeals,
Eleventh Circuit.

Jan. 17, 1989.

James S. Sledge, Inzer, Suttle, Swann & Stivender, P.A., Gadsden, Ala., for plaintiffs-appellants.

George White, Gadsden, Ala., for defendants-appellees.

Before JOHNSON and CLARK, Circuit Judges, and VINSON *, District Judge.

JOHNSON, Circuit Judge:

## I. FACTS

In this case the district court granted summary judgment in favor of creditors on motions to determine whether their claims had been discharged in bankruptcy and to amend their complaint. 85 B.R. 593 (N.D. Ala.1988). We affirm.

In July 1980, Bessie Crow and her neighbors brought suit against Spring Valley Farms seeking damages for the nuisance allegedly created by its chicken processing operations. In November 1982, Spring Valley Farms and a closely related corporation, Spring Valley Foods (collectively "Spring Valley defendants"), filed for bankruptcy in North Carolina. Plaintiffs never received any official notice of any sort from the bankruptcy court. Plaintiffs did, however, have actual knowledge of the existence of the bankruptcy proceedings from a letter mailed by the Spring Valley defendants' attorney to plaintiffs' attorney. The Spring Valley defendants' attorney also mailed a letter to Crow individually, in care of plaintiffs' attorney, notifying her that her claim had been scheduled as contingent, disputed, or liquidated. With the exception of Crow, plaintiffs' claims were not scheduled with the bankruptcy court.[1]

Plaintiffs never filed any proofs of claim with the North Carolina bankruptcy court, nor did they otherwise participate in proceedings there. On August 20, 1984, the Spring Valley defendants' debts were discharged in accordance with 11 U.S.C.A. § 1141. Plaintiffs' lawsuit was removed by Spring Valley Farms to bankruptcy court in Alabama in October 1985. On January 16, 1986, plaintiffs filed a motion to amend their complaint to add Spring Valley Foods as a defendant. The Spring Valley defendants opposed the motion and moved for a finding that any debts owing from causes of action arising before the August 20, 1984 bar date were discharged. The Alabama bankruptcy court found that the debts were not discharged and permitted plaintiffs to add Spring Valley Foods as a defendant. The district court affirmed.

## II. DISCUSSION

 The Spring Valley defendants argue that this case is controlled by *In re Alton*, 837 F.2d 457 (11th Cir.1988) (*per curiam*). In *Alton*, this Court held that in order to avoid the discharge of its debt, a creditor with knowledge of the debtor's initiation of bankruptcy proceedings was obligated to file a proof of claim, even though he had received no notice of the bar date for filing such a claim.

The Court in *Alton* based its decision on 11 U.S.C.A. § 523(a)(3)(B) which states:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an *individual debtor* from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

---

* Honorable Roger Vinson, U.S. District Judge for the Northern District of Florida, sitting by designation.

1. The Spring Valley defendants claim that scheduling Crow was the equivalent of scheduling all the plaintiffs. This claim is disingenuous. The Statement of Financial Affairs filed with the bankruptcy court contained only a lawsuit entitled *"Bessie Keeling Crow v. Spring Valley Farms, Inc."* The certificate of service list filed with the court included only Crow. The Spring Valley defendants' creditor schedule gave no indication that over twenty other plaintiffs had claims. It is not surprising that they never received any sort of notification from the bankruptcy court.

(A) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim ... *unless such creditor had notice or actual knowledge of the case in time for such timely filing* ...

(emphasis added). The Court held that § 523(a)(3) places a burden of inquiry upon a creditor with actual knowledge of the bankruptcy case in time to file a proof of claim. *See also Neeley v. Murchison*, 815 F.2d 345, 347 (5th Cir.1987) (actual notice acts to bar late claim because Section 523 "places a heavy burden on the creditor to protect his rights"); *cf. In re Rhodes*, 61 B.R. 626, 630 (9th Cir. BAP 1986) (complaint dismissed as untimely filed where counsel had actual notice of bankruptcy proceedings).

However, Section 523 is not applicable in this case. The Spring Valley defendants are corporate debtors. Section 523(a)(3) places a burden of inquiry upon a creditor only when the debtor is an "individual debtor." A corporate debtor is not an individual debtor for the purposes of Section 523. *Yamaha Motor Corp. v. Shadco, Inc.*, 762 F.2d 668, 670 (8th Cir.1985) (applying Section 523 to corporations would "render meaningless employment by Congress of the term 'individual'") (*citing In re Kuempel Co.*, 14 B.R. 324, 325 (Bankr.S.D.Ohio 1981)); *In re Push & Pull Enter., Inc.*, 84 B.R. 546, 548 (N.D.Ind.1988) ("It is almost undebatable and universally held that a corporate Chapter 11 debtor is not subject to the dischargeability provisions of 11 U.S. C.A. § 523."); *Collier on Bankruptcy*, § 523.04 at 523–11 (1988).

■ Defendants argue that even if Section 523 does not apply, any debts arising from plaintiffs' nuisance claims were extinguished by operation of Section 1141(d)(1)(A) (confirmation of debtor's reorganization plan acts to "discharg[e] the debtor from any debt that arose before the date of such confirmation"). Section 1141(d)(1)(A) seems to provide unequivocal discharge. However, plaintiffs argue that the statute cannot authorize the discharge of a debt in violation of due process. Plaintiffs claim their failure to receive notice under Bankruptcy Rule 2002(a)(8) (all creditors must be given "not less than 20 days notice by mail of ... the time fixed for filing proofs of claim"), constituted such a violation.

Considerable support exists for plaintiffs' assertion that due process prevents Section 1141 from being read to extinguish their claims when no notice of the bar date for filing a proof of claim has been sent in compliance with Bankruptcy Rule 2002(a)(8). *See Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383, 1386 (10th Cir.1987) (notice under Rule 2002(a) "must also be given to satisfy due process requirements," even when creditor had actual notice of bankruptcy); *Reliable Elec. Co., Inc. v. Olson Const. Co.*, 726 F.2d 620, 622–23 (10th Cir.1984) (discharging of debt under § 1141 violated due process when creditor with knowledge of the bankruptcy did not receive statutory notice of confirmation hearing). Relevant case law also exists under the former Bankruptcy Code. *See City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953) (discharge provision of bankruptcy code did not operate against claim of creditor who never received actual notice of bar date for filing a claim); *In re Intaco Puerto Rico, Inc.*, 494 F.2d 94, 99 (1st Cir.1974) ("[T]he fact that the creditor may, as here, be generally aware of the pending reorganization, does not itself impose upon him an affirmative duty to intervene in that matter and present his claim."); *In re Harbor Tank Storage*, 385 F.2d 111, 115 (3d Cir.1967) ("[A] creditor has every right to assume that he will be sent all notices to which he is entitled under the Act.").

Under the current Bankruptcy Code, Rule 2002(a)(8), as under the former code, 11 U.S.C.A. § 205(c)(8) (repealed 1978), plaintiffs were entitled to notice of the bar date. Although plaintiffs had actual notice of Spring Valley Farms' bankruptcy, they were never apprised of the bar date for filing a proof of claim. The Court in *City of New York* construed the former bankruptcy code which required the bankruptcy court to provide "reasonable notice of the

period in which claims may be filed." 11 U.S.C.A. § 205(c)(8) (repealed 1978). It held that New York City's actual knowledge of the debtor railroad's bankruptcy proceedings could not take the place of the official notice required by the Bankruptcy Code. The Court stated:

> Nor can the bar order against New York be sustained because of the city's knowledge that reorganization of the railroad was taking place in the court. The argument is that such knowledge puts a duty on creditors to inquire for themselves about possible court orders limiting the time for filing claims. But even creditors who have knowledge of a reorganization have a right to assume that the statutory "reasonable notice" will be given them before their claims are forever barred. When the judge ordered notice by mail to be given the appearing creditors, New York City acted reasonably in waiting to receive the same treatment.
>
> The statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights. New York City has not been accorded that kind of notice.

344 U.S. at 297, 73 S.Ct. at 301. In the present case plaintiffs were likewise not provided mandatory statutory notice and, like New York City, failed to file a timely notice of claim. As did the creditor in *City of New York*, plaintiffs seek an exception from the bankruptcy court's final discharge order because they never received notice of the bar date for filing a proof of claim.

 The language in *City of New York* clearly is not grounded in goals unique to the former bankruptcy act. The Court's emphasis on notice and opportunity to be heard underlines a due process concern. *See id.*, 344 U.S. at 297, 73 S.Ct. at 301 ("The statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights."). In affirming the district court,

we hold that 11 U.S.C.A. § 1141 does not discharge the debt of a creditor who was known to an individual corporate debtor and failed to receive notice under Bankruptcy Rule 2002(a)(8), even if the creditor had actual knowledge of the general existence of the bankruptcy proceedings.[2]

 Finally, we must briefly consider the district court's approval of the late amendment of Spring Valley Foods as a defendant. The court found as a fact that plaintiffs' failure to previously name Spring Valley Foods was due to purposely misleading discovery responses. A plaintiff should be allowed to amend its complaint when the defendant's misconduct has caused the pleading to be deficient. Wright & Miller, *Federal Practice and Procedure*, § 1500; *cf. Gifford v. Wichita Falls and Southern Railway Co.*, 224 F.2d 374, 376–77 (5th Cir.), *cert. denied*, 350 U.S. 895, 76 S.Ct. 153, 100 L.Ed. 787 (1955).

For the foregoing reasons, the order of the district court is AFFIRMED.

---

**2.** Our answer might be different if plaintiffs had actual knowledge of the bar date itself rather than merely a general knowledge of the initiation of bankruptcy proceedings. *See In re In-*

*taco*, 494 F.2d at 99–100 n. 11. It is undisputed that plaintiffs had no knowledge of the bar date itself.