## In re EMPRESA NAVIERA SANTA USA, INC., Debtor.

### Marika Tolz, Trustee, Plaintiff,

v.

### Lauderdale Development, Ltd., a Bahamian corporation, Transtotal, S.A., a Peruvian corporation, and Roberto Leigh Riveros, a/k/a Roberto Leigh, Defendants.

Bankruptcy No. 94–20438–BKC–RBR.
Adversary No. 96–0681–BKC–RBR–A.

United States Bankruptcy Court,
S.D. Florida.

March 31, 1999.

Charles H. Lichtman, Coston, Lichtman & Joblove, P.A., Fort Lauderdale, FL, for Defendants.

Chapman L. Smith, Ellis, Spencer & Butler, Hollywood, FL, for Plaintiff.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

Before the Court is the Motion of Lauderdale Development, Ltd., a Bahamian corporation, and Roberto Leigh Riveros, a/k/a Roberto Leigh ("Defendants") for Attorneys' Fees and Costs and the Response and Objection thereto filed by Marika Tolz ("Trustee").

On February 3, 1994, Empresa Naviera Santa USA, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On August 30, 1994, the case was converted to Chapter 7, and Trustee was appointed on September 12, 1994. In 1996, Trustee commenced this adversary proceeding to recover the transfer of a residential condominium by the Debtor to Defendant Lauderdale Development, Ltd, as a fraudulent transfer under 11 U.S.C. § 548. On July 16, 1998, this Court issued its Findings of Fact and Conclusions of Law finding for the Defendants and finding, *inter alia*, that a reasonably equivalent value was paid for the condominium and that Plaintiff did not meet her burden of proof that the sale of the condo-

minium was a fraudulent transfer under 11 U.S.C. § 548(a)(1).

On December 2, 1998, Defendants filed their Motion for Attorneys' Fees and Costs. Defendants assert that, on December 1, 1997, their counsel wrote to Plaintiff's counsel and transmitted documents showing that Debtor had been paid a reasonably equivalent value for the condominium at issue and requesting dismissal of the complaint. Plaintiff refused to dismiss the case. On December 2, 1997, Defendants submitted to Plaintiff an offer of judgment in the amount of $1.00, which was rejected by Plaintiff.

Subsequently, the Court conducted a trial on the merits and, as indicated above, the Court found in favor of the Defendants. On July 31, 1998, Plaintiff filed a Motion for a New Trial and Rehearing which was denied by the Court on September 16, 1998.

■ Defendants argue that they are entitled to costs, including attorneys' fees, pursuant to Federal Rule of Bankruptcy Procedure 7068, in a total amount of $38,-352.35.

Plaintiff contends that Defendants are not entitled to attorneys' fees and costs as a matter of law by virtue of the fact that: (i) Defendants' motion is untimely, and (ii) there is no underlying statutory authority providing for an award of attorneys' fees as part of costs based on the issues tried before the Court.

Offers of judgment in adversary proceedings are governed by Federal Rule of Bankruptcy Procedure 7068. Fed. R.Bankr.P. 7068 provides that Federal Rule of Civil Procedure 68 applies in adversary proceedings. Fed.R.Civ.P. 68 provides in part as follows:

If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer.

In *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), the United States Supreme Court held that Rule 68 does not apply where judgment is entered against the plaintiff offeree and in favor of the defendant offeror. The Court reasoned that this interpretation is dictated by Rule 68's plain language—"judgment finally obtained by the offeree ... not more favorable than the offer"—which confines the Rule's effect to a case in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer. Such an interpretation of Rule 68 is also consistent with the Rule's purpose of encouraging settlement of litigation, since the Rule provides as inducement to settle those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of the recovery is uncertain. *Delta, supra,* 450 U.S. at 352, 101 S.Ct. at 1150.

In the case at bar, judgment was entered in favor of the Defendants after Defendants made an offer of settlement in the amount of $1.00. As the Supreme Court concluded that "the meaningless act of making a nominal settlement offer" does not entitle a prevailing defendant to costs under Rule 68, (*Delta, supra,* 450 U.S. at 353, 101 S.Ct. at 1151), Rule 68 does not apply and Defendants' Motion for Attorneys' Fees and Costs must therefore be denied.

■ Under Federal Rule of Civil Procedure 54(d), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7054, the party prevailing after judgment recovers costs unless the trial court otherwise directs. However, a motion to award fees and costs in this District is governed by Rule 7054 of the Local Rules for the United States District Court for the Southern District of Florida. Local Rule 7054(F) provides, *inter alia,* that a motion for fees and costs that is not taxable by the clerk shall be made by motion to the court filed within twenty days after entry of the judgment. To the extent that costs may be taxed by the clerk under Local Rule 7054, a party must

submit a bill of costs within ten days after entry of the judgment or order allowing costs.

In this case, the final judgment was issued on July 16, 1998. Plaintiff's post-trial motions were denied on September 16, 1998. No appeal was filed. Defendants did not comply with Local Rule 7054 by filing their request for fees and costs within twenty days after the entry of the judgment or within twenty days after the denial of the post-trial motions, nor did they request an extension of time to file their Motion. Accordingly, their Motion must also be denied as untimely.

Even if the holding in *Delta, supra,* did not apply, and even if Defendants' Motion had been timely filed, Defendants would not be entitled to attorney fees under Fed.R.Bankr.P. 7068. It is well established that attorneys' fees are not recoverable as a part of "costs" under Rule 68 unless the underlying statute that created the cause of action expressly provides that attorneys' fees are recoverable as costs. *Marek v. Chesny,* 473 U.S. 1, 9, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985); *Tanker Management, Inc. v. Brunson,* 918 F.2d 1524, 1527 (11th Cir.1990); *Fulps v. City of Springfield, Tenn.,* 715 F.2d 1088, 1095 (6th Cir.1983). Therefore, absent an underlying statute that expressly provides for an award of costs that includes attorneys' fees, the prevailing party may not be awarded attorneys' fees as part of costs under Rule 7068.

In this case, Plaintiff sought to recover a transfer of a condominium, and said claims were brought pursuant to 11 U.S.C. § 548 and Fla.Stat. § 726.10. Neither of these statutory schemes provides for an award of attorneys' fees as part of "costs" to the prevailing party. As there is no independent statutory basis to support Defendants' claim for attorneys' fees, Defendants' request would have to be denied as to the attorneys' fee component for this reason as well.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.