### In re SECURITY FUNDING, INC., Debtor.

### Pioneer Credit Company, Plaintiff,

### v.

### Ann Mostoller, Trustee of the Bankruptcy Estate of Security Funding, Inc., and Ernest Fetner, Individually and as Trustee for The Vulcan Coals Profit Sharing Trust, Defendants.

**Bankruptcy No. 97–30567.**
**Adversary No. 97–3238.**

United States Bankruptcy Court,
E.D. Tennessee.

June 1, 1999.

Wade M. Boswell, Knoxville, TN, for Plaintiff.

Jeff S. Taylor, Jeff S. Taylor, P.S.C., Owensboro, KY, N. David Roberts, Jr., Bailey, Roberts & Bailey, P.L.L.C., Knoxville, TN, for Defendants Ernest Fetner, Individually and as Trustee for The Vulcan Coals Profit Sharing Trust.

Ann Mostoller, Mostoller & Stulberg, Oak Ridge, TN, for Defendant Ann Mostoller, Trustee.

1. The Defendants' counterclaim was asserted pursuant to an Agreed Order entered June 11, 1998, which amended the March 16, 1998

### MEMORANDUM ON DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

RICHARD S. STAIR, Jr., Chief Judge.

This matter is before the court on the Motion for Award of Attorney's Fees and Other Allowable Costs (Motion) filed April 5, 1999, by the Defendants, Ernest Fetner, individually and as trustee for The Vulcan Coals Profit Sharing Trust. By this Motion, the Defendants request that an award of allowable costs, including attorneys' fees, be entered against the Plaintiff, Pioneer Credit Company, pursuant to 11 U.S.C.A. § 105 (West 1993 & Supp.1999) and Rule 68 of the Federal Rules of Civil Procedure. The Defendants' Memorandum in Support of Motion for Award of Attorney's Fee[s] and Other Allowable Costs was filed on April 22, 1999, and the Brief of Pioneer Credit Company in Opposition to Award of Attorney Fees and Costs was filed on April 30, 1999.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (O) (West 1993).

### I

On November 26, 1997, the Plaintiff filed a Complaint commencing this adversary proceeding against the Defendants. By its Complaint, the Plaintiff sought relief based on the doctrine of mutual mistake in connection with an Asset Purchase Agreement executed by it and the Defendants on June 23, 1997. The Defendants asserted a counterclaim against the Plaintiff.[1] On May 6, 1998, the Defendants served the Plaintiff with an Offer of Judgment in which they offered to allow a judgment to be taken against them in the amount of $12,145.09, with each party to bear their own costs and attorney fees. The Plaintiff did not accept the Offer of Judgment and the parties proceeded to trial on June 29, 1998. On August 19, 1998, the court filed a Memorandum and entered a Judgment

Pretrial Order governing the trial of this adversary proceeding.

dismissing the Plaintiff's Complaint and the Defendants' counterclaim.

After the Defendants served the Plaintiff with the Offer of Judgment, they and their attorneys continued to prepare for trial and take depositions. They allege additional costs of $15,067.91 consisting of attorneys' fees totaling $13,419.75, expenses related to the services of a law clerk totaling $416.25, and deposition costs of $1,231.91.

## II

■ The issue now before the court is whether the Defendants are entitled to an award of costs, including attorneys' fees, under Rule 68 and 11 U.S.C.A. § 105. Rule 68 provides in material part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the defending party's offer, with costs then accrued.... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

FED. R. CIV. P. 68. Rule 68 is made applicable to adversary proceedings in bankruptcy by Rule 7068 of the Federal Rules of Bankruptcy Procedure.

The Supreme Court has held that "costs" as used in Rule 68 refers to "all costs properly awardable under the relevant substantive statute or other authority." *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985). Un-

less the underlying statute defines "costs" to include attorneys' fees, such fees are not included as costs for purposes of Rule 68. *See id.* In the instant matter, the Defendants argue that they are entitled to an award of allowable costs, including attorneys' fees, for their defense of an action under contract law. They contend that the relevant substantive statute which allows for an award of attorneys' fees is 11 U.S.C.A. § 105, which vests the court with equitable power and the ability to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C.A. § 105(a) (West 1993).

■ Rule 68 applies only where the offeree obtains some judgment "not more favorable than the offer" of settlement, or in other words, a judgment for an amount greater than zero, but less than the amount of the offer. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 101 S.Ct. 1146, 1149–1150, 67 L.Ed.2d 287 (1981); *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 293 (6th Cir.1989). Rule 68 has no application when the plaintiff wins nothing and the defendant prevails after trial. *See Delta Air Lines,* 450 U.S. 346, 101 S.Ct. at 1151 ("[Rule 68] does not apply to judgments in favor of the defendant...."). However, prevailing defendants may recover costs as provided under Rule 54 of the Federal Rules of Civil Procedure. *See id.* Defendants prevailing in an adversary proceeding in bankruptcy may recover costs under Rule 7054 of the Federal Rules of Bankruptcy Procedure.[2] In the matter now before the court, the Plaintiff's Complaint was dismissed and the Plaintiff was awarded nothing. Rule 68 is inapplicable.

■ Furthermore, the Defendants cannot ground their claim for attorneys'

2. Unlike FED. R. CIV. P. 54(d), which provides that "costs ... shall be allowed as a matter of course to the prevailing party unless the court otherwise directs," FED. R. BANKR. P. 7054(b) provides that "[t]he court may allow costs to the prevailing party...." Rule 7054(b) gives

the bankruptcy court discretion in the award of costs and does not create the automatic taxing of costs mandated by Rule 54(d). The court did not tax costs against the Plaintiff in the present proceeding thereby making the parties responsible for their own costs.

fees as an element of "costs" under Rule 68 or § 105. The equity powers of § 105 " 'must and can only be exercised within the confines of the Bankruptcy Code.' " *Childress v. Middleton Arms, L.P. (In re Middleton Arms, L.P.)*, 934 F.2d 723, 724 (6th Cir.1991) (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 108 S.Ct. 963, 968–69, 99 L.Ed.2d 169 (1988)); *see also Pucello v. Bisignani (In re Bisignani)*, 126 B.R. 418, 422 (Bankr.N.D.N.Y. 1988) (denying a debtor's motion under § 105(a) in which the debtor requested an award for attorneys' fees incurred in defending an adversary proceeding which was dismissed, finding that the court's general equitable powers could be exercised only within the confines of the Bankruptcy Code or in compelling circumstances). This court will not use § 105 to create a right in the Defendants that does not otherwise exist.

For the reasons stated herein, the Defendants' Motion will be denied.