**In re Fernando R. ALVAREZ, Debtor.**

**Lauren P. Greene, Trustee, Plaintiff,**

**v.**

**Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Defendant.**

**Bankruptcy No. 91–15749–8P7.**

**Adversary No. 96–780.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 14, 2000.

Stephen L. Meininger, Meininger, Fisher and Mangum, P.A., Tampa, Florida, for plaintiff.

Edward M. Waller, Tampa, Florida, for defendant.

## *ORDER ON MOTION AND RENEWED MOTION TO TAX ATTORNEY FEES AND COSTS* (Doc. Nos. 66 and 73)

ALEXANDER L. PASKAY, Bankruptcy Judge.

The matters under consideration are two Motions filed by Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A. (Johnson Blakely), the defendant named in the above-captioned adversary proceeding. In its original Motion filed on September 28, 2000 (Doc. No. 66), Johnson Blakely sought an award for attorney fees and costs based on the allegation that during the pending litigation, it served an Offer of Settlement on Fernando R. Alvarez (Alvarez), the original plaintiff in Adversary Proceeding No. 96–780, and an Offer of Judgment (Rule 68, Fed.R.Civ.P.) on or about March 26, 1999, that such offer was not accepted by Alvarez; therefore, Johnson Blakely is entitled to an award of attorney fees and costs.

In the Renewed Motion to Tax Attorney Fees and Costs (Doc. # 73), Johnson Blakely recited basically the same allegations and merely added a statement that on October 12, 2000, this Court entered a Final Judgment in favor of Johnson Blakely on any and all claims asserted in the adversary proceeding. In order to make some sense of the Motions under consideration, a brief recap of this convoluted and complex litigation should be helpful.

On December 6, 1991, Alvarez filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. The law firm of Johnson Blakely signed the Petition as counsel of record for Alvarez. On March 25, 1992, Alvarez received his discharge. This was followed by extensive disputes, contested matters, adversary proceedings, and several appeals, none of which are relevant to the matters under consideration.

On July 2, 1996, Alvarez filed a civil suit against the law firm of Johnson Blakely in the Circuit court of the Thirteenth Judicial Circuit in and for Hillsborough County. The Complaint sought monetary damages based on the claim of legal malpractice by Johnson Blakely in connection with the bankruptcy case of Alvarez. On August 1, 1996, Johnson Blakely filed a Notice of Removal of the civil suit to this Court. On August 9, 1996, Alvarez filed a Motion for Remand Or, In The Alternative, Motion for Mandatory Abstention Or, In the Alternative, Motion For Permissive Abstention, and Objection to Designation as Core Proceeding. This Court denied this Motion on August 27, 1996. On September 5, 1996, Alvarez filed a Motion for Leave to Appeal and a Notice of Appeal of this Court's Order which denied the Motion to Abstain. On November 26, 1996, the District Court denied the Motion and dismissed the Appeal.

On May 8, 1998, Johnson Blakely filed a Motion for Judgment on the Pleadings. In its Motion, Johnson Blakely contended that the claims asserted in the Complaint filed by Alvarez and removed to this Court are property of the Chapter 7 estate; therefore, the Trustee is an indispensable party to pursue these claims. The Motion was heard in due course. On July 2, 1998, this Court entered its Order on the Motion and also on a Motion filed by Alvarez for Determination of Ownership of Chose of Action. This Court in its Order ruled that the claims set forth in the Complaint are not property of the Chapter 7 estate; therefore, the Trustee of the estate is not an indispensable party to the resolution of the claims asserted by Alvarez in his Complaint. Johnson Blakely, having been aggrieved by this Court's ruling, timely filed a Notice of Appeal. On March 26, 1999, Johnson Blakely served on Alvarez an "Offer of Settlement" (Florida law). The Offer was not accepted by Alvarez.

On August 4, 1999, the District Court having concluded that the chose of action under consideration was property of the estate, and the Trustee of the estate of Alvarez is an indispensable party to this litigation, reversed this Court's decision and remanded the suit back to this Court to proceed in accordance with the holding of the District Court. On August 18, Alvarez having been aggrieved by the decision of the District Court filed his Notice Appeal to the Eleventh Circuit.

In compliance with the mandate on August 20, 1999, this Court granted the Trustee 30 days to file and serve a notice of substitution as Plaintiff in this adversary proceeding, or in the alternative, a motion to abandon any and all rights of the Trustee as claimant in this adversary proceeding. On September 17, 1999, the Trustee filed her Notice of Substitution as Party Plaintiff. On September 5, 2000, Johnson Blakely filed a Motion for Summary Judgment. On August 30, 2000, the

Eleventh Circuit affirmed the Judgment of the District Court concluding that the legal malpractice cause of action is property of the estate of Alvarez, and therefore, Alvarez cannot maintain this suit without Trustee's participation.

On September 28, 2000, Johnson Blakely filed its first Motion to Tax Attorney Fees and Costs. On October 12, 2000, this Court granted Defendant's Motion for Summary Judgment, and on the same day entered a Final Judgment against the Trustee and in favor of Johnson Blakely dismissing all claims against them. Lastly, Johnson Blakely filed its Renewed Motion to Tax Attorney Fees and Costs, which with the original Motion are the matters under consideration.

In support of its Motions, Johnson Blakely relies on Federal Rule of Civil Procedure 68 as adopted by FRBP 7068, Offer of Judgment. The Offer of Settlement was made pursuant to Fla.Stat. 768.79 and Rule 1.442 of the Florida Rules of Civil Procedure. The adversary proceeding, although removed from the State Court was processed in this Court; therefore, the proceedings are not governed by the Florida Rules of Civil Procedure. Equally, this Court is satisfied that while the Offer of Settlement was made pursuant to Fla.Stat. 768.79, the relief sought in this Court is not pursuant to that Statute but pursuant to, as noted, Rule 68 Fed. R.Civ.P. as adopted by Rule 7068 of the Bankruptcy Code. This Rule provides that:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued ... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer ...

Even a cursory reading of this Rule leaves no doubt that it was designed to resolve pending litigation through an Offer of Judgment before the trial begins and it provides that if the offer is not accepted and the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

This adversary proceeding was never tried. No judgment was entered on the merits. In the present instance there was no Offer of Judgment in the conventional sense, although there was a judgment entered which dismissed all claims against Johnson Blakely, with prejudice. Based on the foregoing, it is difficult to conclude that it is appropriate to tax any attorney's fees and costs against Alvarez.

In the case of *In re Security Funding, Inc.*, 234 B.R. 398 (Bankr.E.D.Tenn.1999) the Bankruptcy Court considered the application under F.R.Civ.P. 68 as adopted by F.R.B.P. 7068. The Court concluded that this Rule applies only when the offeree obtains judgment that is no more favorable than the Offer of Judgment, citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981) ("[Rule 68] does not apply to judgments entered against plaintiff offeree and in favor of defendant offeror."). The Court also noted in *Security Funding* that unless the underlying statute defines "costs" to include attorneys' fees, such fees are not included as costs for purposes of Rule 68.

The Bankruptcy Court in *Empresa Naviera Santa USA, Inc.*, 235 B.R. 130 (Bankr.S.D.Fla.1999) also cited *Delta Air Lines, supra,* where it reasoned that the purpose of the Rule was to encourage set-

tlement of litigation and "the meaningless act of making a nominal settlement offer" does not entitle a prevailing defendant to costs under Rule 68.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Tax Attorney Fees and Costs and the Renewed Motion to Tax Attorney Fees and Costs be, and the same are hereby, denied.